## FRANZ ECKERT v. HERMAN REUTER AND DOROTHEA, HIS WIFE.

In a suit brought against husband and wife, for carpenter work done upon a house and premises of the wife, who held title by deed before the work was done, and to which it appears that the service was rendered under the authority or by the consent of the wife for the benefit of her estate, the plaintiff is entitled to recover against the wife as well as against the husband, under the act of March 24th, 1862.

Case certified from Hudson Circuit Court.

This action was brought by the plaintiff to recover for carpenter work done upon the premises of the wife of Herman Reuter, they being the defendants. The premises are a house and lot in Hudson City, Hudson county. The title was obtained by the wife several years before the work was done, (by deed to her, August, 1859.) The work was done in repairing and refitting the house, it having been raised so as to fit up the under part for a store, which was afterwards so let, and also in removing and erecting some fence about the lot. The work, in substance, consisted of taking down

and rebuilding a fence, the fitting up of the basement or lower part of the building, and also repairing and refitting the building generally. This work was not all done by the plaintiff, but that was the character of the work he did. The jury found a verdict against both of the defendants, for the sum of one hundred and fifty dollars damages.

The court charged the jury formally, that if the work was done by the authority or consent of the wife, either express or implied, for the benefit of her estate, that under the act "to prevent the fraudulent transfer of property and to facilitate the collection of just claims," approved March 24th, 1862, the plaintiff could recover in this suit, against her as well as against her husband.

Judgment was suspended, and this question is now certified to the Supreme Court for their advisory opinion, whether the plaintiff can recover against the wife in this action at law, for work done upon her real estate, under the facts as given in this case, it having been done by her consent, express or implied.

For plaintiff, *J. R. Hardenburgh.*

For defendant, *J. Fleming.*

BEDLE, J. The solution of this question depends upon the construction of the act of March 24th, 1862, entitled "an act to prevent the fraudulent transfer of property, and to facilitate the collection of just claims." Can this claim be collected by suit at law against the husband and wife, by virtue of that act? Under the common law, a married woman cannot be made personally liable for a debt. She is unable legally to contract it. In equity, she could make her separate estate liable for such debts as, according to equitable principles, could be charged against it, and a remedy for their collection would exist only in a court of equity. The debt in question was contracted for the benefit of the wife's

separate estate, and in the Court of Chancery could be enforced against it, but at law it cannot be collected, as against the wife, unless the act of 1862 authorizes it. That act provides for a suit at law against the husband and wife " in all cases where a married woman transacts any business or purchases any property, and debts or claims thereby remain unsatisfied;" in which suit judgment may be obtained against the husband and wife both, and the amount collected by execution out of the property of both or either. This is a harsh provision, is in derogation of the common law, and might work very great hardship to the husband, and therefore the act should not be extended by construction beyond what its express terms require. No additional power to the wife to make contracts, other than such as she could before make in contemplation of equity, should be implied from it.

The act of March 25th, 1852,* for the better securing the property of married women, has been strictly construed by our courts. 5 *Dutcher* 287; 2 *Beasley* 232; 1 *C. E. Green* 512; 2 *C. E. Green* 413. That act provides for a separate property in the wife, but gives no new power of disposing of it; in that respect it is subject to the disabilities of the coverture, the same as all other separate estates. In analogy to that principle of construction, this act of 1862 should be strictly construed, and not held to endow the wife with any new power to contract. As a *feme covert* she could only contract in reference to an equitable liability against her separate estate, for such debts and claims as could be charged against it. This act merely recognizes that power; it does not extend it, and only gives a remedy in the courts of law for the collection of such equitable debts or claims. Whenever her separate estate could be reached in the Court of Chancery for such debts or claims, a suit at law could be maintained therefor. The act simply takes the married woman with her common law disabilities, recognizing only her equitable powers and liabilities, and furnishes a new remedy for all such debts and claims as before she could so

* See *Rev.*, p. 636.

far contract, as to make her separate estate liable therefor. The same tests that would make her separate estate responsible in equity, must be applied to make her responsible at law. In order to maintain the suit at law, it would not be necessary that she should actually have a separate estate at the commencement of the suit. The remedy given by the act is personal, and by a personal judgment; but that remedy can be adopted only when the debt or claim would be equitably chargeable against any separate estate she may have had when her equitable liability was created. According to this test, the debt in question could be sued for at law. It was for labor in alterations and improvements upon the wife's real estate, the same having been done by her authority, and for which that estate was equitably liable.

It was urged on the argument, that the words, "transact any business," were used in the sense of trade, occupation, or calling, and that the act should be further limited to that sense; but the whole clause is so broad that we would not be justified in doing it. The act says, " in *all cases* where a married woman transacts any business." Those words include any single act or transaction of business, out of which debts or claims might remain unsatisfied against a married woman. Whatever act of business she can transact, is fairly within their scope. The words following, " or purchases any property," would seems to give some slight encouragement to the idea that the preceding words were used in a restrictive sense, as the purchasing of property is an act of business; but the whole act is very bunglingly drawn, and very little can be relied on from the relation of expressions to each other in it. If the carrying on of a trade, occupation, or calling had only been intended, it is natural to suppose that other words than those selected would have been used. One special object of the act was, no doubt, to reach those claims remaining unsatisfied by reason of the purchase of property, and therefore that is in words expressed. It is no uncommon thing for some special object of an act to be mentioned in terms, although other clauses may include the same thing, and that

same idea contained in this act, and is more clearly discernible by a transposition of the expressions, so as to read, in all cases where a married woman purchases any property or transacts any business. The act must be held to include all equitable debts or claims remaining unsatisfied, whether by reason of the purchase of any property, or the transaction of any single or other act of business by the married woman.

In the case of *Deegan* v. *Morrow*, 2 *Vroom* 136, the question of the application of this act to the equitable liabilities of the wife only, was not raised. That was a suit for property purchased by the wife, whether under such circumstances as to make her separate estate liable, does not appear. The case was chiefly decided on the point that the act did not apply to a debt contracted before its passage. No construction was directly given in that case to the words in relation to transacting business, as none was necessary; and this is the first time that this court is distinctly required to decide the extent of the liability of the wife in courts of law, and for what debts or claims. No aid can be gathered from the statutes or adjudications of other states, as our act is anomalous, and its construction must therefore be *sui generis*.

The plaintiff is entitled to judgment upon the verdict, and the circuit should be advised accordingly.

It is well to remark, that in actions under this statute, the declaration should be special, and not simply on the common counts.

BEASLEY, C. J., and Justice ELMER, concurred.

CITED *in Lewis* v. *Perkins,* 7 *Vr.* 134; *Vankirk* v. *Skillman,* 5 *Vr.* 110.